CHRISTINA NUGENT SBN 199646
OGNIAN GAVRILOV SBN 258583
GAVRILOV & BROOKS
2315 Capitol Avenue
Sacramento, CA 95816
Phone: (916) 504-0529
Facsimile: (916) 727-6877
cnugent@gavrilovlaw.com
ognian@gavrilovlaw.com

Robert Borak, Pro Hac Vice
SPECTOR RUBIN, P.A.
3250 Mary Street, Ste. 405
Miami, Florida 33133
Phone: (305) 537-2000
Facsimile: (305) 537-2001
Email: robert.borak@spectorrubin.com

Attorneys for Defendant
XPO LOGISTICS, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACCESS BIOLOGICALS, LLC, ) | |
| ) | Case No. 2:19-cv-1964 |
| Plaintiff, ) | |
| ) | **STIPULATED CONFIDENTIALITY** |
| vs. ) | **AND PROTECTIVE ORDER** |
| ) | |
| XPO LOGISTICS, LLC and DOES 1 ) | |
| through 10;, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Subject to the approval of the Court, Defendant, XPO Logistics, LLC ("XPO") and Plaintiff, Access Biologicals, LLC ("Plaintiff"), collectively referred to herein as the "Parties," hereby stipulate to the following confidentiality and protective order:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, electronically stored information, other materials which may be subject to restrictions on disclosure and information derived directly therefrom, and including documents and deposition testimony produced by third parties (hereinafter collectively "Documents"), shall be subject to this Order concerning confidential information as set forth below.

2. **Confidential Material.** Any party or third party may designate documents as Confidential under this Order upon making a good faith determination that the documents contain information that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as Confidential (hereinafter "Confidential Material").

3. **Designation.** A party or third party may designate documents as Confidential Material the disclosure of which is restricted under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.. Documents shall be designated as Confidential Material prior to or at the time of the production or disclosure of the documents.  If Confidential Material is inadvertently produced, the producing party must

immediately notify all Parties (and third parties, if applicable) concerning the inadvertent disclosure, mark the inadvertently disclosed Documents as Confidential and request that the inadvertently Documents be replaced with the Documents designated as Confidential Material under this Order, which request is not to be unreasonably withheld.

When electronically stored information is produced which cannot itself be marked with the Confidential designation, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. The Parties have agreed that they may temporarily designate original documents that are produced for inspection Confidential, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked Confidential, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. Confidential Material under this Order specifically includes any and all non-public financial and investment documents and other information that the Parties and/or third parties have produced and will produce in this case.

4.      **Depositions.** Deposition testimony shall be deemed Confidential only if designated as such at the deposition, or within ten (10) days of receipt of the transcript, by written notice to the Parties or third parties, as applicable. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as Confidential Material. Thereafter,

the deposition transcripts and any of those portions so designated shall be protected as Confidential Material, pending objection, under the terms of this Order.

5. **Hearings, Trial and Appellate Proceedings.** In the event that "Confidential Materials" are used in open court or deposition in connection with any trial, hearing, or other proceeding in this case or in any appeal thereof, they shall not lose their status through such use. The documents must be filed with the Court under seal pursuant to the Court's procedures and if used in open court, any reference to these documents should be in a closed courtroom or in such other manner as the Court shall provide. The Parties are required to advise the Court when use of Confidential Materials are to be used.

6. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated Confidential under this Order shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in paragraph 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and at trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosure.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Material to any third person or entity except as set forth in subparagraphs (1)-(5) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

(1) **Counsel.** Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation for hearings, depositions and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order.

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Consultants.** Investigators and Experts. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

6. **Filing of Confidential Material Under Seal.** Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record. Where not so provided, a party seeking to file matters under seal and/or *ex parte* shall follow the procedures prescribed by the Local Rules and CM/ECF Administrative Procedures. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as Confidential, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

7. **Challenges by a Party to Designation as Confidential.** Any Confidential designation is subject to challenge by any party or nonparty with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by

agreement. If agreement is reached confirming or waiving the Confidential designation as to any documents subject to the objection, the designating Party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

8. **Action by the Court.** Applications to the Court for an order relating to any documents designated Confidential shall be by motion under the Local Rules. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial Confidential documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) **Return of Confidential Material.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as

Confidential under this Order, including copies as defined in paragraph 6(d), shall be returned to the producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so under oath and/or under penalty of perjury. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated Confidential, so long as that work product does not duplicate verbatim substantial portions of the text or images of Confidential documents. This work product shall continue to be Confidential under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Confidential documents.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11.	**Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under applicable Federal and Local Rules.

12.	**No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.

Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Confidential by counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

14. Nothing in the Order shall limit the Parties' use or disclosure of their own Confidential Material.

15. If any Party or its counsel is served with a subpoena, notice or are otherwise legally compelled to produce "Confidential Material," such Party or their counsel (the "Compelled Party") shall give written notice to the Producing Party within one (1) day of being served so as to allow the Producing Party an opportunity to object to production.

16. It is understood and agreed that money damages will not be a sufficient remedy for any breach of this Agreement and that the Parties shall be entitled to equitable relief in the nature of an injunction or specific performance as a remedy for any such breach in any court of competent jurisdiction. Such remedy shall not be deemed to be an exclusive remedy for any such breach of this Agreement but shall be in addition to all other remedies available at law or in equity.

This Order shall survive the dismissal and/or termination of this case.

Stipulated to on May 5, 2020 by:

s/ Robert Borak
Robert Borak, Esq. Admitted *Pro Hac Vice*
robert.borak@spectorrubin.com

SPECTOR RUBIN, PA
Continental Plaza
3250 Mary Street, Ste. 405
Miami, Florida, 33133
Tel: 305-537-2006
Fax: 305-537-2001
*Counsel for XPO Logistics, LLC*


By: ___/s/ Joel Mallord_____
JOSEPH J. YBARRA (State Bar No. 218130)
Joseph.Ybarra@halpernmay.com
JOEL MALLORD (State Bar No. 302764)
Joel.Mallord@halpernmay.com
HALPERN MAY YBARRA GELBERG LLP
550 South Hope Street, Suite 2330
Los Angeles, CA  90071
Telephone:       (213) 402-1900
Facsimile:        (213) 402-1901

*Counsel for Plaintiff, Access Biologicals, LLC*


### APPROVED BY THE COURT:

DONE and ORDERED in Chambers on this 5th day of May, 2020.

/s/ John A. Mendez_____

U.S. District Court Judge